**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4814**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VINCENT SUMPTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:05-cr-00246-FL)

Submitted:  June 17, 2009          Decided:  April 7, 2011

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, William M. Gilmore, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Sumpter appeals his sentence on a conviction, following a jury trial, to aiding and abetting and conspiracy to unlawfully obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. § 1951 (2006) (Count One),[1] and on a guilty plea to unlawfully obstructing, delaying, and affecting commerce by robbing Friedman's, and aiding and abetting, in violation of 18 U.S.C. §§ 1951, 2 (2006) (Count Six); brandishing firearms in furtherance of a crime of violence, the Friedman's robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c), 2 (2006) (Count Seven); possession of firearms after having previously had been convicted of a felony and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924, 2 (2006) (Count Eight).[2] Following two sentencing hearings, during which Sumpter's objections to the Presentence Investigation Report ("PSR") were fully argued and considered,

---

[1] In furtherance of this conspiracy, the Grand Jury alleged three overt acts: First, that Sumpter and one other person on April 22, 2005, robbed the Perry Brothers jewelry store in Raleigh, North Carolina ("Perry Brothers"), at gunpoint; second that Sumpter and others on April 29, 2005, robbed the Ora jewelry store in Raleigh, North Carolina ("Ora"), at gunpoint; and third that Sumpter and others on June 8, 2005, robbed the Friedman's jewelry store in Dunn, North Carolina ("Friedman's"), at gunpoint.

[2] The jury found Sumpter not guilty of Counts Two through Five of the indictment, which charged Hobbs Act and firearms violations relative to the Perry Brothers and Ora robberies.

the district court determined Sumpter qualified as both a career criminal and an armed career offender, and sentenced him to a total of 584 months' imprisonment (240 months concurrently on Counts One and Six, 500 months on Count Eight concurrent with Counts One and Six, and 84 months on Count Seven consecutively to Counts One, Six, and Eight), five years of supervised release (three years each on Counts One and Six concurrently with five years each on Counts Seven and Eight), and ordered payment of the statutory special assessment of $400, restitution in the amount of $5,424.39 jointly and severally with all codefendants, and a fine in the amount of $250,000.

On appeal, Sumpter (1) challenges the district court's denial of a two-level reduction in his offense level for acceptance of responsibility, pursuant to U.S. Sentencing Guidelines Manual § 3E1.1, (2) claims the district court's explanation of its reasons for the sentence were inadequate, and (3) claims the district court erred in failing to make findings concerning his ability to pay prior to imposing the $250,000 fine. We affirm Sumpter's conviction, vacate his sentence and remand for resentencing.

Sumpter first challenges the district court's refusal to grant him a two-level reduction of his offense level for acceptance of responsibility. He claims that, because the form of the indictment was such that all three robberies were

3

included as objects in the single conspiracy charge of Count One, he was forced to go to trial on that charge because, despite his admitted involvement in the Friedman's robbery, he was not guilty of participating in either the Perry Brothers or Ora robberies.  He asserts that had he pled guilty to Count One, he would necessarily be admitting to participating in the other two robberies even though he did not so participate, and would have exposed himself to sentencing based on conduct of all three robberies, pursuant to USSG § 1B1.2(d).  He claims that, under those unique circumstances, the district court should have granted him an acceptance of responsibility reduction despite the fact he went to trial.

This court reviews a district court's decision to deny an adjustment for acceptance of responsibility for clear error. United States v. Pauley, 289 F.3d 254, 261 (4th Cir. 2002). Pursuant to USSG § 3E1.1, a reduction for acceptance of responsibility is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense. . ." and "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt. . . ."  USSG § 3E1.1, App. n.2.

Here, prior to trial, at the time Sumpter pled guilty to the Friedman's robbery, the Government's factual proffer set

4

forth all the essential factual elements necessary to convict him of the conspiracy charged in Count One, which count expressly listed the Friedman's robbery as an overt act in the conspiracy. Accordingly, in light of his plea to the Friedman's robbery, Sumpter knew or should have known that a reasonable jury would have found him guilty of Count One. As the district court noted, that he sought to put the Government to its burden on Count One as a trial tactic hoping the jury would not convict him of conspiracy in the Friedman's robbery because he was not guilty of the other two robberies, does not support an acceptance of responsibility reduction. Moreover, while Sumpter did not dispute his guilt on the commission of the Friedman's robbery, he never admitted his guilt in the conspiracy to commit the Friedman's robbery, and thus did not fully accept responsibility for all his actions relative to the Friedman's robbery. The record reveals that the district court carefully considered all the relevant facts and issues relating to Sumpter's request for an acceptance of responsibility reduction, including whether Sumpter accepted responsibility for all the actions of, and relating to, the Friedman's robbery. Under these circumstances, we find no clear error in the district court's decision not to award Sumpter an acceptance of responsibility reduction.

Sumpter next argues that the district court failed to adequately explain the term of imprisonment it imposed, contrary to the requirements of 18 U.S.C. § 3553(c) (2006). Specifically, he asserts that the reasons given by the district court for its sentence, i.e., Sumpter's career offender status, the 84-month consecutive term for his guilty plea to a § 924(c) offense, and his violent history, constituted an "unacceptably sparse rationale" and were redundant because all had been considered previously by Congress and the Sentencing Commission in developing the advisory guideline range applicable to Sumpter's crime.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, and "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). First, we must "ensure that the district court committed no significant procedural error." Id. at 51. Only if the sentence is procedurally reasonable can we evaluate the substantive reasonableness of the sentence, again using the abuse of discretion standard of review. Id.; see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). In our determination of whether the district court committed any significant procedural error, we look to any failure in the calculation (or the improper

6

calculation) of the Guidelines range, the treatment of the Guidelines as mandatory, any failure to consider the § 3553(a) factors, any selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence and any deviation from the advisory Guidelines range. Gall, 552 U.S. at 51. The district court "must make an individualized assessment based on the facts presented" when rendering a sentence, id., applying the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must "state in open court" the particular reasons supporting its chosen sentence. Carter, 564 F.3d at 328; see also 18 U.S.C. § 3553(c) (2006). A brief statement of the reasons suffice under § 3553(c)(1). Rita v. United States, 551 U.S. 338, 356–57 (2007).

We conclude that the reasons stated by the district court following imposition of its 584-month sentence in this case were not sufficiently individualized such that we can conclude that the sentencing court considered Sumpter "as an individual and [his] case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Gall, 552 U.S. at 52 (internal quotation marks omitted); Carter, 564 F.3d at 328. As we stated in United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010), "a district court's explanation of its sentence need not be

7

lengthy, but the court must offer *some* 'individualized assessment' justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." We express no view of course on the substantive reasonableness of the sentence imposed.

The final issue Sumpter raises on appeal is a challenge to the $250,000 fine imposed, on the basis that the district court failed to consider the congressionally-mandated factors set forth in 18 U.S.C. § 3572 (2006), as to his ability to pay. The Government agrees that the sentencing court's failure to make findings concerning Sumpter's ability to pay a fine prior to ordering payment of the fine constitutes reversible error.

This court reviews a district court's factual findings with respect to the imposition of a fine under the "clearly erroneous" standard of review. United States v. Aramony, 166 F.3d 655, 665 (4th Cir. 1999). Pursuant to 18 U.S.C. § 3572(a), the district court, prior to imposing a fine, must consider the defendant's income, financial resources, and earning capacity, as well as the burden a fine would impose on the defendant or on any person financially dependent on the defendant. The district court's findings about a defendant's ability to pay must be made expressly. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995); United States v. Arnoldt, 947 F.2d 1120, 1127

(4th Cir. 1991); <u>United States v. Harvey</u>, 885 F.2d 181, 182-83 (4th Cir. 1989). While the requirement for such findings may be satisfied by the district court's adoption of the PSR that includes adequate factual findings to allow effective appellate review of the fine imposed, <u>Castner</u>, 50 F.3d at 1277, in this case, the probation officer noted that Sumpter had a negative net worth of $2,719 and no income, and concluded that Sumpter was, without the ability to pay a fine in addition to court-imposed restitution.

On these facts, we find plain error in the district court's failure to make the required findings relative to Sumpter's ability to pay a fine. Accordingly, we affirm Sumpter's convictions, vacate his sentence, and remand for resentencing. In resentencing, we direct the district court to give specific consideration to <u>Gall</u> and <u>Carter</u>, to make findings concerning Sumpter's ability to pay a fine, to modify the fine if necessary, and to reconcile the installment payment amounts in the written judgment with the amounts specified during the oral pronouncement of Sumpter's sentence.[3]

---

[3] The written judgment erroneously states that Sumpter's restitution payment while under supervised release is to be payable in $100 per month installments, while the oral pronouncement of the district court was that such payments be made in $50 per month installments.

9

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>