**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4707**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

VINCENT SUMPTER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, Chief District Judge.  (5:05-cr-00246-FL-1)

———————

Submitted:  April 6, 2012                 Decided:  April 13, 2012

———————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Sumpter was convicted of several offenses resulting from a conspiracy to commit robbery and firearm possession. In United States v. Sumpter, No. 06-4814, 2011 WL 1320206 (4th Cir. Apr. 7, 2011) (unpublished), this court affirmed the convictions but remanded for resentencing. We directed the district court to make an individualized assessment prior to ordering the sentence, citing Gall v. United States, 552 U.S. 38 (2007), and United States v. Carter, 564 F.3d 325 (4th Cir. 2009), and to make the required findings relative to Sumpter's ability to pay a fine. At resentencing, the court announced the properly calculated Guidelines, heard from the parties regarding the appropriate sentence and then imposed the same sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious arguments for appeal but raising on behalf of Sumpter the harshness of the sentence. Sumpter has filed a pro se supplemental brief raising three issues. The Government did not file a brief. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive

2

reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." Carter, 564 F.3d at 330 (internal quotation marks omitted). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations in original). If the court finds "no significant procedural error," it next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 345-46 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

We conclude that the district court provided a sufficient individualized assessment prior to ordering the sentence. The court noted Sumpter's criminal history, the offense conduct, the harm to the victims, Sumpter's propensity to commit more offenses, the need to protect the public, and Sumpter's own admission that he was too lazy to work. The court found that despite the fact that Sumpter had an extensive criminal history there was nothing in the record to indicate that he would slow down his criminal conduct. Rather, the court noted that Sumpter's conduct became more violent as time passed.[1]

We have considered the issues Sumpter raises in his pro se brief and find no merit. Insofar as Sumpter challenges his convictions, we note that those issues are foreclosed from review because the convictions were previously affirmed. Sumpter's challenge to the court's decision to base the offense level in part on acquitted conduct is without merit. See United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009).[2]

---

[1] With regard to whether the district court considered Sumpter's ability to pay a fine, at resentencing the court declined to order a fine.

[2] In the Anders brief, counsel notes that the special conditions of supervised release listed in the amended judgment did not conform to the oral pronouncement of sentence. We note that those conditions were part of the original judgment and were not challenged on appeal. Accordingly, we are without jurisdiction to give those special conditions further (Continued)

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Sumpter's sentence. This court requires that counsel inform Sumpter, in writing, of the right to petition the Supreme Court of the United States for further review. If Sumpter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sumpter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

consideration. <u>See</u> <u>United States v. Johnson</u>, 138 F.3d 115, 117-18 (4th Cir. 1998).